## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAY,         ) | |
|                  ) | |
|       Plaintiff,     ) | |
|                  ) | CASE NUMBER: _3:05cv 998-E_ |
| v.                  ) | |

MICHAEL MAY,                          )

                               )

       Plaintiff,                 )

                               )    CASE NUMBER: _3:05cv 998-E_

v.                                )

MERCK & CO., INC., a foreign or    )
domestic corporation, ROBERT M.   )
WALL, GARY HARLAN, HAL        )
HENDERSON, STEVE SANTOS,    )    **Removed from the Circuit Court**
PATRICIA AIKEN, MATTHEW     )    **of Randolph County, Alabama,**
KING, ANGELA FINCH, SONYA    )    **CV-05-149**
COLEY, JASON DELK, and the     )
Defendants A, B, C, D, E, X & Z    )
whether singular or plural, being those  )
persons, firms or entities who or which  )
proximately caused or contributed to   )
the Plaintiff's personal injury and     )
Plaintiff's other harm and the other    )
damages as complained of herein whose  )
true names are unknown to the Plaintiff  )
but will be added by amendment when   )
correctly ascertained,              )

                               )

       Defendants.

## ANSWER OF DEFENDANT MERCK & CO., INC.

     COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by its and through

undersigned attorneys, hereby answers the Complaint ("Complaint") as follows:

## Response to "GENERAL AND JURISDICTIONAL ALLEGATIONS"

1.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph except that, to the extent Plaintiff alleges any causal relationship between the prescription medicine VIOXX® and any injury to the Plaintiff, Merck denies those allegations.  Merck admits that it is authorized to do business in Alabama.  Merck further admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and that it marketed and distributed VIOXX® in Alabama.  Otherwise, Merck denies each and every allegation contained in paragraph 1 of the Complaint.

2.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph except that, to the extent Plaintiff alleges any causal relationship between the prescription medicine VIOXX® and any injury to the Plaintiff, Merck denies those allegations.  Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey and that it is authorized to do business in Alabama.  Merck further admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and that it marketed and distributed VIOXX® in Alabama.  Otherwise, Merck denies each and every allegation contained in paragraph 2 of the Complaint.

3.    Merck denies each and every allegation contained in paragraph 3 of the Complaint.

4.    Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.    Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## Response to "PARTIES TO THIS CIVIL ACTION"

6.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 6 except that, to the extent Plaintiff alleges any causal relationship between the prescription medicine VIOXX® and any injury to the Plaintiff, Merck denies those allegations. Otherwise, Merck denies each and every allegation contained in paragraph 6 of the Complaint.

7.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph except that, to the extent Plaintiff alleges any causal relationship between the prescription medicine VIOXX® and any injury to the Plaintiff, Merck denies those allegations. Otherwise, Merck denies each and every allegation contained in paragraph 7 of the Complaint.

8.    Merck denies each and every allegation contained in this paragraph of the Complaint except that it admits it is a New Jersey corporation with its principal place of business in New Jersey and that it is authorized to do business in Alabama. Merck further admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and that it marketed and distributed VIOXX® in Alabama. Otherwise, Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9.    Merck states that the allegations contained in paragraph 9 of the Complaint are not directed at Merck and therefore no response is required. Should a

3

response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the fictitious pleadings contained in paragraph 9 of the Complaint.

10.     Merck states that the allegations contained in paragraph 10 of the Complaint are not directed at Merck and therefore no response is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the fictitious pleadings contained in paragraph 10 of the Complaint.

11.     Merck states that the allegations contained in paragraph 11 of the Complaint are not directed at Merck and therefore no response is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the fictitious pleadings contained in paragraph 11 of the Complaint.

12.     Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and that it marketed and distributed VIOXX® in Alabama. Merck objects to Plaintiff's use of the term "Defendant" to refer collectively to all named and/or fictitious Defendants in this action and, to the extent that Plaintiff alleges that Merck is jointly and severally liable for damages for any alleged injury to himself, Merck denies the allegations contained in this paragraph.

## Response to "JURISDICTION AND VENUE"

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required. If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

14.     The allegations contained in paragraph 14 are legal conclusions as to which no responsive pleading is required. If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

## Response to "FACTUAL ALLEGATIONS"

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except that it admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and that it marketed and distributed VIOXX® in Alabama.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2). Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

17.    Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).    Merck admits that Dorothy Hamill was featured in ad campaigns for VIOXX® and was a spokesperson for VIOXX® and that in 2001 VIOXX® achieved sales of $2.6 billion.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

18.    Merck states that the allegations contained in paragraph 18 of the Complaint are not directed at Merck and therefore no response is required.    Should a response be deemed required, Merck denies each and every allegation contained in this paragraph of the Complaint except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

19.    Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as

cyclooxygenase-2 (COX-2). Merck further avers that the studies referenced therein speak for themselves.

20.    Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

21.    Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

22.    Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

23.    Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

24.    Merck denies each and every allegation contained in paragraph 24 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

25.    Merck state that the allegations contained in paragraph 25 of the Complaint are not directed at Merck and therefore no response is required, Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

26.    Merck denies each and every allegation contained in paragraph 26 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

27.    Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the relevant prescribing information for VIOXX® for its actual language and full text.

28.    Merck denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

29.    Merck denies each and every allegation contained in paragraph 29 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

30.    Merck denies each and every allegation contained in paragraph 30 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

31.    Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

32.    Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that Merck has product discussions with health care professionals through, *inter alia*, its Professional Representatives.

33.    Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that Merck has product discussions with health care professionals through, *inter alia*, its Professional Representatives.

34.    Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck has product discussions with health care professionals through, *inter alia*, its Professional Representatives.

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.    Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.    Merck denies each and every allegation contained in paragraph 37 of the Complaint and further avers that the studies and articles referenced therein speak for themselves.

38.    The allegations contained in paragraph 38 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

39.    The allegations contained in paragraph 39 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

40.    Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.    Merck denies each and every allegation contained in paragraph 41 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

42.    Merck denies each and every allegation contained in paragraph 42 of the Complaint.

### Response to "PLAINTIFFS CLAIMS FOR RELIEF

### COUNT I

### PRODUCTS LIABILITY UNDER AEMLD AND STRICT LIABILITY PURSUANT TO §402A OF THE RESTATEMENT (SECOND) OF TORTS"

43.    With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and

statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.    Merck denies each and every allegation contained in paragraph 44 of the Complaint except that it admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and that it marketed and distributed VIOXX® in Alabama.

45.    Merck denies each and every allegation contained in paragraph 45 of the Complaint except that it admits that it manufactured, marketed and distributed the prescription medicine VIOXX®.

46.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

47.    Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Merck denies each and every allegation contained in paragraph 48 of the Complaint except that it admits that it manufactured, marketed and distributed the prescription medicine VIOXX®.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Merck denies each and every allegation contained in paragraph 50 of the Complaint except that it admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

### Response to "COUNT II

### NEGLIGENCE AND WANTONNESS"

51.    With respect to the allegations contained in paragraph 51 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 50 of this Answer with the same force and effect as though set forth here in full.

52.    The allegations contained in paragraph 52 are legal conclusions as to which no responsive pleading is required. If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

53.    Merck denies each and every allegation contained in paragraph 53 a-k of the Complaint.

54.    Merck denies each and every allegation contained in paragraph 54 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## Response to "COUNT III

## NEGLIGENCE PER SE"

55.     With respect to the allegations contained in paragraph 55 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     The allegations contained in paragraph 56 are legal conclusions as to which no responsive pleading is required.  If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 are legal conclusions as to which no responsive pleading is required. If a response is required, Merck denies each and every allegation contained in said paragraph of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 a-d of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

## Response to "COUNT IV

## UNJUST ENRICHMENT"

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

## Response to "COUNT V

## BREACH OF EXPRESS WARANTY"

64.     With respect to the allegations contained in paragraph 64 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.     The allegations contained in paragraph 65 are legal conclusions as to which no responsive pleading is required.  If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## Response to "COUNT VI

## BREACH OF IMPLIED WARRANTY"

68.     With respect to the allegations contained in paragraph 68 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 67 of this Answer with the same force and effect as though set forth here in full.

69.     The allegations contained in paragraph 69 are legal conclusions as to which no responsive pleading is required. If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## Response to "COUNT VII

## CORPORATE RESPONSIBILITY:

## JOINT VENTURES, PARENT/SUBSIDIARIES,

## AND/OR SUCCESSOR CORPORATION"

73.     With respect to the allegations contained in paragraph 73 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

## Response to "COUNT VIII

## CIVIL CONSPIRACY"

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

## Response to "COUNT X

## FRAUD AND DECEIT"

80.     With respect to the allegations contained in paragraph 80 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 79 of this Answer with the same force and effect as though set forth here in full.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint except admits that the training materials referenced exist and respectfully refers the Court to said training materials for their actual language and full text.

83.    Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.    Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.    Merck denies each and every allegation contained in paragraph 86 of the Complaint except Merck avers that Merck and the FDA presented the VIGOR data in February 2001 at a public meeting of the Arthritis Advisory Committee and Merck further avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

87.    Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.    Merck denies each and every allegation contained in paragraph 88, including subparagraphs, of the Complaint except admits that the training materials referenced in the subparagraphs exist but avers that the quotes are taken out of context and respectfully refers the Court to said training materials for their actual language and full text.

89.    Merck denies each and every allegation contained in paragraph 89 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint except that it admits that it manufactured, marketed and distributed the prescription medicine VIOXX®.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint except that it admits that it manufactured, marketed and distributed the prescription medicine VIOXX®.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint except admits that it voluntarily withdrew VIOXX® from the market on September 30, 2004.

19

98.    Merck denies each and every allegation contained in paragraph 98 of the Complaint except admits that Merck has product discussions with health care professionals through, *inter alia*, its Professional Representatives.

99.    Merck denies each and every allegation contained in paragraph 99 of the Complaint except admits that Merck trains its professional representatives.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Merck denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint except admits that Plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint except admits that Plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Merck denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Merck denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Merck denies each and every allegation contained in paragraph 111 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

112.    Merck denies each and every allegation contained in paragraph 112 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

113.    Merck denies each and every allegation contained in paragraph 113 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

114.     Merck denies each and every allegation contained in paragraph 114 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

115.     Merck denies each and every allegation contained in paragraph 115 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

116.     Merck denies each and every allegation contained in paragraph 116 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

117.     Merck denies each and every allegation contained in paragraph 117 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

118.     Merck denies each and every allegation contained in paragraph 118 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

119.     Merck denies each and every allegation contained in paragraph 119 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

120.     Merck denies each and every allegation contained in paragraph 120 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

121.    Merck denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Merck denies each and every allegation contained in paragraph 122 of the Complaint.

123.    Merck denies each and every allegation contained in paragraph 123 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

In response to the **"WHEREFORE"** paragraph of the Complaint, Merck denies each and every allegation except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, res judicata, waiver, or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff or her decedent directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and standing to bring such claims, or is not the real party in interest.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A NINETEETH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation the Plaintiff is alleged to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

This case may be more appropriately brought in a different venue.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims of fraud or misrepresentation are barred by reason of that Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because that Plaintiff has failed to mitigate the alleged damages.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff makes a claim for punitive damages, Merck asserts that Plaintiff has not complied with statutory requirements to recover punitive damages.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff's claims invoke punitive damages, such claims violate the

Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the

United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon a Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip,* 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g)     The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiff's claim for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

    (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon a Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

    (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

    (5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     Plaintiff's attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to any of the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(l)     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the

obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)   The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

The Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

Merck affirmatively pleads that any punitive damages that any of the Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code §6-11-21, (1975). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.   The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

Merck avers that the punitive damage cap set out in *Ala. Code* §6-11-21, (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

Merck avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Production Corp. v. Alliance Resources Corp.* 113 S. Ct. 2711 (U.S. 1993).

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

Merck avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or

modify the substantive right of any party. *See Leonard v. Terminix Intern. Co., L.P.* 854 So. 2d 529 (Ala. 2002).

**AS FOR A THIRTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

**AS FOR A THIRTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

**AS FOR A THIRTY-NINTH
DEFENSE, MERCK ALLEGES:**

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery or trial.

33

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

### *JURY DEMAND*

Merck demands a trial by jury as to all issues so triable.

W. C. M^c R

Philip H. Butler (BUTL1716)
William C. McGowin (MCGOW6770)
George R. Parker (PARKG2248)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
         wmcgowin@bradleyarant.com
         gparker@bradleyarant.com

Attorneys for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

James S. Hubbard
Hubbard & Knight
1125 Noble Street
Anniston, Alabama 36201

Steve Morris
Post Office Box 814
Wedowee, Alabama 36278

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this ___ day of October, 2005.

Respectfully submitted,

W. C. Mc

Philip H. Butler (BUTL1716)
William C. McGowin (MCGOW6770)
George R. Parker (PARKG2248)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
          wmcgowin@bradleyarant.com
          gparker@bradleyarant.com

Attorneys for Defendant Merck & Co., Inc.