IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: 3:05cv998-F |
| ) | |
| MERCK & CO., INC., a foreign or ) | |
| domestic corporation, ROBERT M. ) | |
| WALL, GARY HARLAN, HAL ) | |
| HENDERSON, STEVE SANTOS, ) | Removed from the Circuit Court |
| PATRICIA AIKEN, MATTHEW ) | of Randolph County, Alabama, |
| KING, ANGELA FINCH, SONYA ) | CV-05-149 |
| COLEY, JASON DELK, and the ) | |
| Defendants A, B, C, D, E, X & Z ) | |
| whether singular or plural, being those ) | |
| persons, firms or entities who or which ) | |
| proximately caused or contributed to ) | |
| the Plaintiff's personal injury and ) | |
| Plaintiff's other harm and the other ) | |
| damages as complained of herein whose ) | |
| true names are unknown to the Plaintiff ) | |
| but will be added by amendment when ) | |
| correctly ascertained, ) | |
| ) | |
| Defendants. | |

**MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL
PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Products Liab. Litig.* (MDL-1657), the MDL proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from VIOXX® (the

"VIOXX® cases"). *See In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005) ("Transfer Order").

Merck intends to provide notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel") pursuant to J.P.M.L. Rule 7.5 of the pendency of this "tag-along" action within a week. Merck expects a conditional transfer order to be issued shortly thereafter.

Pending the transfer of this case to the Eastern District of Louisiana, a stay of proceedings is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407. Absent a stay, this Court would have to waste time supervising pre-trial proceedings and making rulings in a case over which it will likely soon lose jurisdiction. Moreover, without a stay, Merck would be significantly and unfairly prejudiced because it would have to duplicate discovery and legal briefing in jurisdictions around the country. Recognizing these principles, numerous other Alabama federal district courts have stayed VIOXX® cases pending transfer to the MDL. *See* Selected Alabama Stay Orders, attached as collective Exhibits A and B.

## BACKGROUND

### A. MDL-1657

On February 16, 2005 the MDL Panel issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation*. The Transfer Order directed that the 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before

the Honorable Eldon E. Fallon. In the Transfer Order, the Panel expressly held that the VIOXX® product liability cases have overlapping questions of fact:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

See *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d at 1353-54.

The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along actions." *Id.* at 1353, n. 1. Further, the MDL Panel found that "[t]he pendency of a motion to remand in state court is not a sufficient basis to avoid inclusion" in the MDL proceedings. *Id.* at 1354. Consistent with the original transfer order, the MDL Panel has been issuing conditional transfer orders transferring additional related cases to Judge Fallon. The first conditional transfer order was issued on March 4 and listed 139 cases, and twenty subsequent transfer orders have been issued, listing over 1400 additional cases.

Merck has been providing written notice to the MDL Panel of related actions at least once a week and intends to provide notice of this tag-along action in its next letter to the MDL Panel. Merck expects a conditional transfer order to be issued by the MDL Panel in this action promptly thereafter. Assuming Plaintiffs do not object within the 15-day period contained within the MDL rules, the transfer order will be filed in Judge

Fallon's court upon expiration of Plaintiffs' period to object, and the case will be transferred for coordinated pretrial proceedings.[1]

### B. The Instant Action

On or about September 15, 2005, Plaintiff commenced this action against Merck by filing a Complaint in the Circuit Court of Randolph County bearing Case Number 05-149. On September 19, 2005, Merck was served with a copy of Plaintiff's Complaint. Merck removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 and filed an Answer and jury demand. There is no dispute that this case involves the same factual inquiries that the Panel notes were present in the VIOXX® cases generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, it is clear from the face of the Complaint that this case, like the other VIOXX® cases, focuses on the alleged increased health risks (including heart attack and stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. For example, Plaintiff alleged that "Merck and the sales representative Defendants made material misrepresentations of fact to the medical community, the

---

[1] In the event Plaintiffs choose to object to transfer to the MDL court, there is a separate procedure for filing their objection and papers objecting to the transfer with the MDL Panel. The issue whether the case should be transferred would be set for the next available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile. In fact, on June 20, 2005, the MDL Panel considered a wide range of arguments by plaintiffs to the transfer of 34 of the 321 cases listed on conditional transfer orders 1 and 2, and rejected all of them. *See* Exh. C. The Panel ordered these cases transferred to Judge Fallon's court because it would best "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id.* at 1.

Plaintiff, the public generally, the governmental entities charged with the protection of the public from unsafe drugs, and to opinion leaders in the medical profession, intentionally in some cases and often with the specific intention of deceiving all these for monetary gain to the Defendants, and in some cases negligently and wantonly, and even in rare cases, innocently, in all instances, with the intent and purpose to advance the sales of the dangerous drug Vioxx." (Compl., ¶ 81).

## ARGUMENT

### I. THIS CASE SHOULD BE STAYED PENDING TRANSFER TO THE MDL.

Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings here pending transfer of this case to MDL-1657. *Boudreaux v. Metropolitan Life Ins. Co.*, No. 95-138, 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995). The power to stay is well established and particularly apt here. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S 248, 254 (1936). Where, as here, the Panel has already decided that coordination is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. *See New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 446 (D. N.M. 2004); *Mathern v. Wyeth*, No. Civ.A. 04-2116, 2004 WL 1922028 at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

When deciding whether to issue a stay pending the Panel's decision on transfer of an individual action, courts look at (1) considerations of judicial economy and (2) avoidance of conflicting rulings. *Mathern*, 2004 WL 1922028, at *1. As described below, consideration of both of these factors favor granting a stay of this action. The overwhelming majority of courts to have considered the issue have agreed: literally hundreds of VIOXX® cases, including a growing number of Alabama cases, have been stayed by courts around the country pending MDL coordination. *See, e.g.*, Exhs. A and B.

These decisions in other VIOXX® cases make clear the necessity of a stay here. For example, in *Denny v. Merck & Co., Inc.,* No.3:04-cv-00526 (Dec. 6, 2004), the Southern District of Texas court stayed all proceedings *over plaintiffs' objection*, holding that "[t]he power to stay all proceedings is well established and particularly apt here." Slip op. at 2 (attached hereto as Exh. D). The court observed there that "[i]t would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims." *Id.* Alabama federal courts have similarly issued stays, in some instances over the objections of plaintiff's counsel. *See, e.g., Jones v. Merck & Co., Inc. et al.*, CV-2:05 -427-RDP (N.D. Ala. Apr. 25, 2005) (granting Merck's motion to stay over objection of plaintiff's counsel); *King v. Merck & Co., Inc. et al*, CV-2:05-165-T (M.D. Ala. Apr. 26, 2005) (granting Merck's motion to stay with a motion to remand pending); *Wilkes v. Merck & Co., Inc. et al.*, CV-2:05-1241-RRA (granting motion to stay over plaintiffs' objection and finding that MDL court should hear pending motion to remand to keep rulings on similar motions consistent);

*Woods v. Merck & Co., Inc., et al.*, CV-05-0425-CG-M (S.D. Ala. Aug. 17, 2005) (same) (attached as part of collective Exhs. A and B).

### A. **Judicial Economy Mandates a Stay.**

Because of the overlapping factual issues and similar legal theories that exist in the VIOXX® cases currently pending in federal court, including this civil action, much work would be needlessly duplicated if pretrial proceedings and discovery continues to go forward on a parallel track with MDL-1657. Moreover, if this Court were not to issue a stay, it would be making rulings that would likely be reconsidered after this case is transferred to Judge Fallon's court. As the court in *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069 at *2 (N.D. Tex. Sept. 23, 2002), noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." 2002 WL 31114069, at *2. *See also Fontanilles v. Merck & Co., Inc.*, No. 04-22799-CIV-HUCK (S.D. Fla. Dec. 14, 2004) at 2 ("Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issue at this time") (attached hereto as Exh. E); *Falick v. Merck & Co., Inc.*, No. 04-3006 (E.D. La. Jan. 3, 2005) at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying the proceedings will serve the interests of judicial economy.") (attached hereto as Exh. F). The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Indeed, Judge Fallon has already issued orders anticipating the transfer of cases like this

that will immediately apply upon transfer of the case to his court. *See, e.g., In re VIOXX® Products Liability Litigation*, Pretrial Order #1 (Exhibit G, pp. 1-2) ("This order . . . will also apply to any 'tag-along actions' later filed in, removed to, or transferred to, this Court.").

Similarly, the Court should not hold status conferences or issue discovery orders because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert); In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment). In fact, it is unlikely that this Court will ever see this case again once it is transferred to an MDL; as a 2004 report from the Administrative Office of the United States Courts revealed, fewer than 10% of the cases that have been resolved through MDL treatment since Congress enacted the MDL statute were ever transferred back to the original transferor district. Accordingly, a stay will conserve judicial resources.

In addition to the waste of judicial resources inherent in proceeding with this action prior to the MDL transfer of this case, Merck would be substantially prejudiced by duplicative discovery and motion practice if a stay were not put in place. *See American Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) (holding that "[t]he duplicative motion practice and

discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Plaintiffs across the country will surely notice the same set of Merck employees and former employees for deposition. Without a stay, the risk exists that Merck will have to produce these witnesses multiple times in different jurisdictions.

A stay will not, however, unduly prejudice Plaintiff in this action. First, any delay that Plaintiff may experience will be minimal, and the prejudice to Merck would far outstrip any harm to Plaintiff. *See Arthur-Magna*, 1991 WL 13725, at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay). Indeed, all of the parties – including Plaintiff here – will benefit through increased efficiency and coordinated pretrial case management and, as such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding. Second, this action is not on the eve of trial. Discovery has not begun at all. Because Plaintiff has expended limited resources to date, he will not be prejudiced by a limited delay. This Court therefore should stay all proceedings in this civil action pending a determination on the transfer of this case to the MDL.

### B. Without a Stay, There Is a Risk of Conflicting Rulings Between This Court and the MDL Court.

To avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this civil action and other actions should proceed in an orderly, coordinated fashion, as directed by the single court selected by the MDL panel to coordinate these cases. *See Mathern*, 2004 WL 1922028, at *1 ("a stay of this case pending transfer to the MDL will

promote judicial efficiency and avoid conflicting rulings); *Knearem*, 2002 WL 1173551, at *1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings."); *Shannon v. Merck & Co., Inc.*, No. 2:03CV105-D-B (N.D. Mass. Nov. 29, 2004) ("Here the court finds that because the issues involved in this matter are likely to be similar to other potentially transferred VIOXX cases, the policies of efficiency and consistency of pretrial rulings will be furthered by the this Court staying these proceedings."). Accordingly, the Court should stay these proceedings to ensure the efficient and consistent resolution of pertinent legal issues before the MDL judge.

### C. The Possibility that Plaintiffs Will File a Motion for Remand Is Further Justification For A Stay Here.

The MDL Panel specifically recognized in its order creating MDL-1657 that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge." *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d at 1354.[2]  The MDL Panel repeated this

---

[2] Courts considering whether to stay potential tag-along actions that have remand motions pending, like this action, have cited the Transfer Order as compelling the entry of stays:

> Regarding pending matters, the Panel stated that the pendency of a motion to remand is not a sufficient basis to avoid inclusion in the transfer; such motions 'can be presented to and decided by the transferee judge.' . . . Although this action was not specifically included in Schedule A of the Transfer Order, this action is a potential tag-along action subject to the authority of the Judicial Panel on Multidistrict Litigation and subject to consolidation and transfer. . . . **Therefore, the pending motions to remand . . . must be deferred to the transferee court for ruling after transfer.** The motion to stay will be sustained.

sentiment in its June 20, 2005 Transfer Order by squarely rejecting plaintiffs' opposition to Conditional Transfer Orders No. 1 and No. 2, holding that pending motions to remand did not bar transfer of their cases to MDL-1657 and were appropriately ruled on by the transferee judge. *See* Exh. C at 1 (citing *In re Ivy*, 901 F.2d 7 (2d Cir. 1990) and *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp.2d 1346, 1347-48 (J.P.M.L. 2001) in support of propriety of stay).

The transferee judge is more than adequately equipped to review pending remand motions. Judge Fallon explicitly addressed the efficiencies associated with the MDL Court ruling on the overlapping issues presented in the motions to remand filed in this and other case in his June 23, 2005 status conference:

> There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The [r]ule of [l]aw is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability and no one knows exactly what to do or how to do it. It's easier if one court decides some of these matters that if 50 or 1000 courts decide the matter.

Transcript of June 23, 2005 status conference before the Honorable Eldon E. Fallon (attached hereto as Exhibit I).

It plainly does not promote efficiency or uniformity to have numerous federal judges in Alabama repeatedly be faced with ruling on motions to remand as this litigation grows rather than allowing Judge Fallon to hear those motions and apply a uniform approach to all of them.

---

*O'Gorman v. Merck & Co., Inc.*, No. 4:05-cv-00153 (E.D. Mo. Feb. 22, 2005) (emphasis supplied) (attached hereto as Exh. H).

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

Dated this 19th day of October 2005.

                                                            Philip H. Butler (BUTL1716)
                                                           William C. McGowin (MCGOW6770)
                                                           George R. Parker (PARKG2248)
                                                           BRADLEY ARANT ROSE & WHITE LLP
                                                           The Alabama Center for Commerce
                                                           401 Adams Avenue, Suite 780
                                                           Montgomery, AL 36104
                                                           Telephone: (334) 956-7700
                                                           Facsimile: (334) 956-7701
                                                           E-mail: pbutler@bradleyarant.com
                                                                           wmcgowin@bradleyarant.com
                                                                           gparker@bradleyarant.com

                                             Attorneys for Defendant Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing on:

James S. Hubbard
Hubbard & Knight
1125 Noble Street
Anniston, Alabama 36201

Steve Morris
Post Office Box 814
Wedowee, Alabama 36278

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this 19th day of October, 2005.

Respectfully submitted,

/s/ W. C. McGowin
Philip H. Butler (BUTL1716)
William C. McGowin (MCGOW6770)
George R. Parker (PARKG2248)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
          wmcgowin@bradleyarant.com
          gparker@bradleyarant.com

Attorneys for Defendant Merck & Co., Inc.