**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 04-22799-CIV-HUCK



FILED by _____ D.C.
DEC 13 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

CLARA FONTANILLES, an individual, on
behalf of himself and all others similarly
situated,

    Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey Corp.,

    Defendant.
_____/

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO STAY

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand [DE#5], filed November 10, 2004 and upon Defendant's Motion to Stay All Proceedings [DE#3-1], filed November 8, 2004. Under different circumstances, the Court would resolve Plaintiffs' Motion to Remand first. However, the Court finds that several other cases in this district have been filed regarding claims similar to those alleged by the plaintiffs in the above-referenced case. *See Abraham v. Merck & Co., Inc.*, Case No. 04-22631-CIV-MARTINEZ/KLEIN; *Schneider v. Merck & Co., Inc.*, Case No. 04-22632-CIV-MORENO/GARBER; *Gerber v. Merck & Co., Inc.*, Case No. 04-61429-CIV-DIMITROULEAS/TORRES. In addition, numerous similar VIOXX cases have been stayed in other districts. In most, if not all, of these similar cases, the district court has granted Defendant's Motion to Stay All Proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). The Court believes that these cases should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner.

In the present case, the Court concludes that judicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand in order to give an opportunity to all similarly

situated VIOXX cases for transfer to the MDL Judge and to allow the MDL Judge to resolve the issues presented by similar remand motions. This Court acknowledges that it has jurisdiction to resolve the Plaintiffs' motion to remand prior to a transfer to an MDL order becoming final. However, this Court also has discretion to decline to decide the motion to remand while awaiting the MDL Panel's decision on transfer. *Med. Soc'y of the State of New York v. Connecticut Gen. Corp.*, 187 F. Supp.2d 89, 91 (S.D.N.Y. 2001); *In re Asbestos Products Liab. Litig.*, 170 F. Supp.2d 1348, 1349 n.1 (J.P.M.L. 2001); *Rudy v. Wyeth*, No. 03-80716 (S.D. Fla. December 11, 2003). Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issues at this time. In the event that the JPML determines that transfer of this case is not warranted, Plaintiffs may then file a notice with this Court stating that they renew their motion to remand. Therefore, Plaintiffs will not suffer prejudice by a stay pending the JPML decision. Accordingly, it is

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [DE#3-1] is GRANTED. This cause remains stayed pending transfer to the MDL Court.

2. Plaintiffs' Motion to Remand [DE#5] is DENIED without prejudice to renew in the event that the cause is not transferred to the MDL Court. If transfer is denied, the Plaintiffs shall file their notice of renewal of the motion for remand within ten (10) days.

DONE in Chambers, Miami, Florida, December 14, 2004.

Paul C. Huck
United States District Judge

cc: Counsel of Record

2