IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MICHAEL D. MAY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MERCK & COMPANY, INC., et al., )<br>)<br>    Defendants. ) | 3:05-cv-00998-MEF-SRW |

**PLAINTIFF'S MOTION TO REMAND**

    Comes now the Plaintiff, Michael May, and moves this Honorable Court to immediately remand this action to the Circuit Court of Randolph County, Alabama, and to expedite any hearing of that motion. Plaintiff further shows cause herein why the Defendants' motions to dismiss and to stay pending transfer to the Vioxx MDL in New Orleans should not be granted. There is no federal subject matter jurisdiction in this case, as there is a clear and undeniable lack of complete diversity. This is no ordinary pharmaceutical litigation. Instead, a great mass of evidence is available about the illicit sales tactics employed by Merck sales representatives, like the individual local defendants in this case. Likewise, the Motions to Dismiss by the pharmaceutical sales representative Defendants should be denied. Federal judges in this district, and elsewhere in Alabama, have

repeatedly held that in-state pharmaceutical sales representatives are not fraudulently joined, as shown by several specific cases with regard to Merck and Vioxx. Not surprisingly, Merck has failed to refer this Court to this body of authority, nor has Merck attempted to distinguish any of those opinions.

With regard to the Defendants' motion to stay pending transfer to the Vioxx MDL in New Orleans, this Motion should not be granted either and for the same reasons. Cases against Merck sales representatives are valid. Transfer to an MDL involves huge delay for a plaintiff, and should not take place unless there is Federal Jurisdiction. The law is quite clear on this point.

The following Orders, were entered by federal judges in Alabama. The issue in each case was whether an Alabama pharmaceutical sales representative is fraudulently joined for the purpose of defeating federal jurisdiction. Each Order cited below, the most similar of which are attached hereto as **Exhibit A**, rejects the fraudulent joinder argument. *Bright v. Merck,* U.S. District Court for the Northern District of Alabama, Civil Action No. 2:05-cv-02138-JHH (November 1, 2005); *Wheeles v. Merck,* U.S. District Court for the Northern District of Alabama, Civil Action No. 2:05-cv-02177-JHH (November 1, 2005); *Slatton v. Merck & Co., Inc.,* U.S. District Court for the Northern District of Alabama, Civil Action No. 05-VEH-1056-S (July 21, 2005) and *William Cook v. Merck & Co., Inc.,* U.S. District Court for the Northern District of Alabama, Civil Action No.

02-RRA-2710-S, *Hales v. Merck*, CV 03-AR-1028-M, Memorandum Opinion, Slip op. at 5-7, June 26, 2003, U.S. District Court, N.D. Ala. (In all these cases, Alabama sales representatives who promoted Vioxx were not fraudulently joined); see also *Lavaughn Hales v. Merck & Co., Inc.,* U.S. District Court for the Northern District of Alabama, Civil Action No. 03-AR-1028-M.

**Plaintiff Requests Emergency Consideration of His Remand Motion.**

Plaintiff requests that his Motion to Remand be heard on an emergency and expedited basis due to the fact that he has a valid claim arising from his use of Vioxx, and is entitled to his timely day in the court which has jurisdiction, which is the Circuit County of Randolph County, Alabama. It would cause vast delay to send this case off to an MDL where it might well be two years before even the motion to remand could be heard. Lastly, due to the clear absence of federal jurisdiction, as evidenced by the arguments herein, and other decisions granting similar remand motions, the matter should be disposed of on an expedited basis and the motions to dismiss and to stay be denied.

                                         /s/ Thomas J. Knight
                                         Thomas J. Knight
                                         Attorney for Plaintiff

OF COUNSEL:
HUBBARD & KNIGHT
P.O. Drawer 1850
Anniston, Alabama 36202
(256) 237-9586

## CERTIFICATE OF SERVICE

      I hereby certify that on November 23, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George Robert Parker
Philip Henry Butler
William Claude McGowin
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
334-956-7607

                                     /s/ Thomas J. Knight
                                     Thomas J. Knight
                                     Attorney for Plaintiff