IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA L. BRIGHT,** | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:05-cv-02138-JHH |
| **MERCK & CO., INC., et al.,** | ) | |
| DEFENDANTS. | | |

--------------------

| | | |
|---|---|---|
| **WINFORD J. WHEELES,** | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:05-cv-02177-JHH |
| **MERCK & CO., INC., et cl.,** | ) | |
| DEFENDANTS. | | |

**ORDER**

On the basis of jurisdiction under 28 U.S.. § 1332, Merck & Co., Inc. ("Merck") removed to this court (Doc. No. 1) on October 13, 2005 the civil action against it by Cynthia L. Bright ("Bright") pending in the Circuit Court of Jefferson County, Alabama. The case was docketed here as 2:05-cv-2138-JHH ("2138"). On the same jurisdictional basis, Merck removed to this court (Doc. No. 1) on

October 20, 2005 the civil action against it by Winford J. Wheeles ("Wheeles") pending in the Circuit Court of Jefferson County, Alabama. The case was docketed here as 2:05-cv-2177-JHH ("2177"). Named as additional defendants in both actions are several individuals who are current or former employees of Merck and who are citizens of Alabama. Plaintiff in each case is also a citizen of Alabama. Both actions involve the manufacture, sale and distribution of Vioxx, a drug manufactured by Merck. Both actions are in essence product liability actions to recover damages. The state court complaints in both cases are virtually identical.[1] The complaints in both cases seek to pursue nine separate counts based upon the following: AEMLD; negligence and wantonness; negligence per se; unjust enrichment; breach of express warranty; breach of implied warranty; corporate responsibility; civil conspiracy; and fraud and deceit. All of these counts are predicated upon the laws of the state of Alabama. The complaints in both cases also seek to pursue a single claim of consumer fraud predicated upon the laws of New Jersey. Merck timely removed both actions to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332, asserting that each named

---

[1] Except where the name of the plaintiff in each case is contained in the complaint, the complaints are absolutely identical. One complaint contains the exact same words, precisely located in the same numbered paragraph, situated at the same place on the same numbered page as in the other complaint.

and fictitious individual defendant was fraudulently joined to defeat this court's diversity jurisdiction, and asserting that such defendants are not to be considered in resolving the issue of diversity jurisdiction.  Merck filed in each action a motion to stay all proceedings pending a decision by the judicial panel on multi district litigation regarding a transfer of the actions to that court (Doc. No. 5 in 2138, and Doc. No. 3 in 2177). On October 19, 2005 Bright filed in 2138 (Doc. No. 10) and on October 24, 2005 Wheeles filed in 2177 (Doc. No. 10) separate emergency motions to remand their actions to state court.

    The issues presented by the motions to remand are not foreign to the undersigned or to other judges on this court.  Neither are the issues foreign to judges who serve in the Middle District and Southern District of Alabama.  The undersigned is generally familiar with  numerous decisions by those judges of the issues here presented.  Almost all those judges share the undersigned's view of the current status of the law on such issues.  No useful purpose can be served by receiving oral argument on, or a further presentation of matters related to those issues from any party.  The handling of such motions in those related cases have been almost uniform, ending with the granting of the motions to remand.  The court concurs in that result.  This court's view is best described and set forth in the February 27, 2004 order entered by Judge R. David Proctor in <u>Bradford v. Weyth</u>,

3

CV-03-P-3157-M.  Indeed, without knowledge of Judge Proctor's February 27, 2004 order, the undersigned reached the same conclusion on March 5, 2004 in Hough v. Wyeth, CV-04-H-393-S

The separate motions to stay by Merck are **DENIED**.  The court concludes that each of these two actions has been removed to this court improvidently and without jurisdiction.  The separate motions to remand are **GRANTED,** and these two actions are **REMANDED** to the Circuit Court of Jefferson County, Alabama for all further proceedings.[2]

**DONE** this the ___1st___ day of November, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Several of the individually named and served defendants in both cases filed motions to dismiss.  While the court is satisfied they are due to be overruled (at least as to many of the claims), the court is of the opinion the state judge who will handle this case should be the one who develops the issues for trial.