FILED
2005 Jun-24  AM 09:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PLAINTIFF'S
EXHIBIT
"E"

In Re: VIOXX              *    MDL 1657
      Products Liability Litigation    *
                                 *    SECTION L
                                 *
                                 *    JUDGE ELDON E. FALLON
                                 *
                                 *    MAGISTRATE JUDGE
                                 *    DANIEL E. KNOWLES, III
                                 *
                                 *
                                 *

*************************************************

THIS DOCUMENT RELATES TO: *Cook v. Merck & Co., Inc., et al.* No. 05-0431, previously filed as CV-02-RRA-2710-S, N.D. Ala.

---

## PLAINTIFF'S RESPONSE TO MERCK'S OBJECTION TO REMAND ORDER, OR ALTERNATIVE MOTION TO ADOPT REMAND ORDER ENTERED BY MAGISTRATE JUDGE ROBERT ARMSTRONG

---

COMES NOW the Plaintiff, William Cook (hereinafter "Cook") and submits his response to Merck's Objection to the Remand Order entered by Honorable Robert Armstrong on February 10, 2005, remanding this action to the Circuit Court of Jefferson County, Alabama.

### I.    BACKGROUND

This case was originally filed the Circuit Court for the Bessemer Division of Jefferson County, Alabama on October 2, 2002. Merck removed the case and Cook filed his Motion to Remand on November 19, 2002. During the pendency of the Motion to Remand, Cook supplemented his Motion with evidentiary submissions, exhibits, written arguments and pleadings. Over two (2) years later, on February 10, 2005, Magistrate Judge Robert Armstrong granted Cook's Motion to Remand. Judge Armstrong delayed the

implementation of his Order until ten (10) days after signing it. Prior to the expiration of those ten days, this case, along with many, many others was swept up into the Vioxx MDL and transferred to this Honorable Court.

## II.    STANDARD OF REVIEW

Ordinarily, a MDL Court relies on the law of the Circuit in which it is sitting in deciding procedural issues such as a Motion to Remand. *In Re: Korean Airlines Disaster*, 829 F. 2d. 1171 (D.C. 1987). However, due to the procedural anomaly which exists here, this Honorable Court should review Judge Armstrong's Remand Order in the context of applicable Eleventh Circuit fraudulent joinder law. Indeed, in order to determine whether the decision by Judge Armstrong was "clearly erroneous", this Court is constrained to review the decision under the law Judge Armstrong was bound to consider at the time - the Eleventh Circuit.

Under Rule 72 (a) of the Federal Rules of Civil Procedure, this Court has assumed the role of the " . . . district judge to whom [Merck's objections] is assigned . . ."

Under 28 U.S.C.§636(b)(1)(A), this court reviews a magistrate judge's order on a non-dispositive matter under a clearly erroneous or contrary to law standard.

There is a split of authority on the issue of whether a Motion to Remand is dispositive or non-dispositive matter which, not surprisingly, Merck fails to mention in its brief. The issue does not appear to have been resolved by the Eleventh Circuit. However, several courts within the Fifth Circuit, specifically district courts in Mississippi and Texas have held that Remand Orders are non-dispositive.

2

The district court in the case of *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D. Miss. 1993), held as follows regarding the dispositive nature of a ruling on a Remand Motion:

> First, a motion to remand is not specifically listed in Section 66(b)(1)(A) as a matter excepted from this position by the magistrate judge. The statute thus expressly authorizes the magistrate judge to dispose of the motion. Second, this court does not agree with those courts which have held that the motion is dispositive. The motion to remand does not reach the merits of the underlying dispute but instead decides only the question of whether removal to the federal court was proper. The parties remain free to litigate the merits of the case following the disposition of the motion, whether in state or federal court.

Other courts within the Fifth Circuit, and from around the country, have held that remand orders are non-dispositive. *Searcy v. Knostman*, 155 B.R. 699 (S.D. Miss. 1993); *Vaquillas Ranch Company, Ltd. V. Texaco Exploration and Production, Inc.*, 844 F.Supp.1156 (S.D. Texas 1994); *Danbury v. Omnitrition International, Inc.*, 818 F.Supp. 276 (D. Minn. 1993); *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866, 868 (W.D. NY 1991); *Doe v. The American Red Cross*, 763 F.Supp. 1084, 1085 (D. Or. 1991).

If this Court agrees that the standard of review for Judge Armstrong's decision should be the clearly erroneous standard, then Your Honor should affirm the order unless the Court has the **definite and firm conviction** from all the evidence that error has occurred. See *Resolution Trust Corp. v. Fidelity and Deposit Company of Maryland*, 885 F.Supp. 228 (D. Kansas 1995); *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988). Or, as eloquently stated by the Seventh Circuit, "a magistrate's decision . . . must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] with the force of a five week old, unrefrigerated dead fish." *Parts and*

3

*Elec. Motors, Inc. v. Sterling Elec., Inc.* 886 F.2d 228, 233 (7th Cir., 1988), *cert denied* 493 U.S. 847, 110 S.Ct.141, 107 L.Ed2d 100 (1989).

In order to determine whether this Court has a definite and firm conviction that Judge Armstrong erred, this Court must analyze the case under the fraudulent joinder standards as established by the Eleventh Circuit.

### III.   Under Eleventh Circuit Law, Merck Has Not Demonstrated by "Clear and Convincing Evidence" That There is "No Possibility" That Plaintiffs Can State a Valid Cause of Action Against Defendants Harlan and Wall.

When a defendant seeks to invoke Federal jurisdiction under a theory of fraudulent joinder in the Eleventh Circuit, "[T]he burden . . . is on defendant to show that *the allegations of the complaint state no possible cause of action*" against any resident defendant. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1562 (11th Cir. 1989) (emphasis added)."If there is even a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the Federal court *must find* that the joinder was proper and remand the case to state court." *Coker v. Amoco Oil*, 709 F.2d 1440, 1441 (11th Cir. 1983) ( emphasis added).

Where the plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. *Pacheco DePerez v. A T & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

In defeating the fraudulent joinder argument, a plaintiff need not prove that he has a winning case against the defendant. *Triggs v. John Crump Toyota*, 154 F.3d 1284 (11th Cir. 1998). In fact, in defeating a fraudulent joinder argument, a plaintiff need not show that he could survive on a motion for summary judgment or motion to dismiss filed by the in-

state defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). See also *Tillman v. R.J. Reynolds*, 253 F.3d 1302 (11th Cir. 2001) ("the plaintiff need not have a winning case against the allegedly fraudulently joined defendant, he need only have a possibility of stating a valid cause of action in order for joinder to be legitimate").

In *Pacheco*, the Court observed that "in a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claims beyond determining whether it is an arguable one under state law.'" *Pacheco*, 139 F.3d 1381 (quoting *Crowe*, 113 F.3d at 1538). Specifically, when making this inquiry, "the district court must evaluate the factual allegations in a light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538.

Thus, on a motion to remand, the plaintiff's burden is light. The Eleventh Circuit holds that ". . . after drawing all reasonable inferences from the record in plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law <u>might</u> impose liability on the facts involved.'" *Crowe*, 113 F.3d at 1538. In the view of the Eleventh Circuit, district courts should not confuse a motion for remand with one for summary judgment, or even a motion to dismiss, as the substantive requirements for the two are vastly different.

In its brief, Merck cites the *Crowe* case as support for its position that Judge Armstrong's decision was clearly erroneous. (See Merck Objection, p. 8)

A close reading of *Crowe* reveals that it is not helpful in any way to Merck. In *Crowe*, the defendant who alleged fraudulent joinder submitted an affidavit, along with some other co-defendants. Defendants claimed that these affidavits should be controlling and that the

fraudulently joined defendant must be dismissed. **In ruling that the plaintiff's motion to remand should have been granted** by the trial court, the Eleventh Circuit held as follows:

> . . . over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' [citations omitted]. In considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. '*If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.*'(emphasis added)

113 F.3d at 1538.

Federal courts, in deciding an issue of fraudulent joinder, are not to delve into the merits of a claim. Again, we cite *Crowe*:

> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that district courts may look beyond the face of the complaint, *we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.* (emphasis added)

113 F.3d at 1542.

The issue for this Court is quite simple: Did Judge Armstrong commit "clear error" when he found that a possible cause of action exists under Alabama law against Defendants Harlan and Wall? Unless this Court develops a definite and firm conviction that such error occurred, the magistrate's decision is due to be adopted.

The Complaint, as amended, is replete with allegations against Harlan and Wall which are dispositive of Merck's fraudulent joinder argument.

For instance, Plaintiff has alleged that the Defendant sales representatives " . . . knew of the defective nature of [Vioxx], yet continued to . . . distribute and sell their product

6

so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by [Vioxx.]" (Complaint, ¶16)

Additionally, Plaintiff alleges that the sales representative Defendants " . .. failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from Vioxx." (Complaint ¶ 20)

The Plaintiff also alleges that Merck, " . . . through their detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx," which were false (Complaint ¶ 28)

Further, the Plaintiff's Complaint alleges that Defendants Harlan and Wall ". . . negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx (rofecoxib) was safe and effective . . . so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product." (Complaint, ¶ 38)

Further, the Complaint alleges that "Merck trained its sales representatives, through programs such as the "Vioxx Obstacle Dodgeball Program," the "Obstacle Response Guide for Vioxx" and "Top 10 Obstacle Handlers" to misstate and misrepresent the truly dangerous nature of Vioxx to prescribing physicians." (Amended Complaint, ¶42)

Further, the Plaintiff's Complaint alleges that Mercks' sales representatives, specifically Wall and Harlan, "utilized the misrepresentations contained in the obstacle avoidance programs to mislead Mr. Cook's treating physician concerning the safety of Vioxx and the occurrence of life threatening side effects, such as myocardial infarctions, from the usage of Vioxx." (Amended Complaint, ¶51)

7

Further, Plaintiff's Complaint alleges that Harlan and Wall " . . . further misrepresented the safety of Vioxx to prescribing physicians by providing written literature to the doctors that contained false statements about Vioxx's safety," and Plaintiff's own physician " . . . also admitted to being given literature by Merck sales representatives regarding Vioxx related cardiovascular events." (Amended Complaint ¶52)

Lastly, the Complaint alleges in minute detail the nature of the fraud, both in the form of misrepresentation and suppression, committed by Harlan and Wall, upon which Plaintiff's prescribing physician relied. Indeed, the Complaint alleges that ". . . Plaintiff and his prescribing physician reasonably relied, to their detriment, upon the false oral and written misrepresentations of Merck, Wall and Harlan concerning the safety of Vioxx and the absence of cardiovascular events in users. Such reasonable reliance induced Plaintiff's treating physician to prescribe him Vioxx, and further induced the Plaintiff to utilize the dangerous drug Vioxx.  As a direct and proximate result of the Plaintiff's usage of Vioxx, he suffered a myocardial infarction." (Amended Complaint ¶ 56)

a.    **Under Alabama law, it is a "certainty" that a cause of action exists against the sales rep Defendants.**

If a "possibility" exists under Alabama law that a cause of action may be maintained against Harlan and Wall, then Merck's contrivance of fraudulent joinder must fail. Merck's argument of fraudulent joinder is eviscerated by Alabama law. Whether the Plaintiff has a cause of action under Alabama law against the sales representative Defendants can be resolved in the *affirmative* with *absolute certainty*.

Alabama has long recognized the rule of law that a plaintiff may support a claim for fraud against a third party if he can show loss or injury resulting from such fraud. *Thomas v. Halstead*, 605 So.2d 1181 (Ala. 1992).

In Alabama, it is not always necessary to prove that a misrepresentation was made directly to the person who claims to have been injured. *Sims v. Tigrett*, 229 Ala. 486, 491, 158 So. 326 (1934).

While generally a stranger to a transaction has no right of action for fraud, an exception to this general rule exists if a third person is injured by the deceit. In such a circumstance, he may recover against the one who made possible the damages by practicing the deceit in the first place. *National State Ins. Co. v. Jones*, 393 So.2d 1361 (Ala. 1980) (holding that a niece had standing to sue for fraud even though the representation had been made to her deceased aunt).

In Alabama, in order to maintain an actionable fraud claim, it is not necessary that the misrepresentation be made directly to the person who claims to have been injured. Indeed, in *Sims*, the Alabama court stated:

> But we may observe that if defendant caused the representations to be made, and the public were intended to be thereby induced to act upon them, and plaintiff was in the class of those so contemplated, the action for deceit against defendant may be maintained by plaintiff, though defendant did not sell the bonds to plaintiff, but sold them to another, and he to plaintiff, both in reliance on the truth of the representations.

*King v. Livingston Mfg. Co.*, 180 Ala. 118, 126, 60 So. 143.

Recent authority by the Alabama Supreme Court likewise supports this settled rule of law. *See Seward v. Dickerson*, 844 So.2d 1207 (Ala. 2002) (where a third party fraudulent misrepresentation is alleged, statements to persons other than the plaintiff will

support the fraud allegations when there is sufficient evidence of an intent on the part of the speaker to communicate to the third party in such a way as to induce the plaintiff to act). Moreover, in the case of *Delta Health Group, Inc. v. Stafford*, 2003 WL 22977449 (Dec. 19, 2003), the Alabama Supreme Court, in an opinion penned by Justice Stewart, again confirmed that a cause of action for fraud may be maintained by one who relied on the representation, even though the representation may have been made to another:

> We agree with *Stafford* that in certain limited circumstances not relevant here, a plaintiff may properly state a fraud claim even though the defendant makes a false representation to a third party rather than to the plaintiff. However, we do not read *Thomas* as excusing a plaintiff from the requirement of establishing his reliance upon the misrepresentation. *Thomas* appears to contemplate that the plaintiff, in fact, has relied on the defendant's misrepresentation, even though the misrepresentation was made to another party.

*Delta Health Group, Inc.* \*10.

Indeed, in *Delta Health Group*, the plaintiff did not allege that *he* relied on the false representation made by the third party, so the Alabama Supreme Court had no choice but to reverse the jury verdict entered in favor of the plaintiff. Of course, in the instant case, the Complaint is replete with allegations of reliance by the Plaintiffs.

It is beyond any doubt that Alabama recognizes a cause of action against a third party for fraud. Alabama has allowed such causes of action for over 100 years and has affirmed such causes of action as recently as December, 2003 in the *Delta Health Group* case.

Plaintiff was prescribed a drug purportedly for his arthritis affliction which caused a heart attack. Plaintiff has alleged in the Complaint that the Defendant sales representatives made fraudulent representations concerning the safety of the drug, and likewise concealed

10

information from his physician that was material, and should have been disclosed (Complaint, as amended Counts I, II, III and VI). Clearly, the Plaintiff is in the class of individuals that the sales representatives sought to induce into buying Vioxx. Any representations made about the safety or efficacy of the drug were communicated by the sales representative to be passed on to the patient, or in the case of concealment, to be withheld from the patient. As the Complaint clearly alleges, Dr. Christopher, the Plaintiff's physician, relied on the information, or misinformation, provided by the sales representatives and advised the Plaintiff accordingly.

Moreover, it matters not whether Defendants Harlan and Wall were acting within the line and scope of their employment with Merck at the time the fraud occurred. In Alabama, regardless of whether a person is acting within the line and scope, he or she is personally liable for the torts committed. *Galactic Employer Services, Inc. v. McDorman*, 2003 WL 21569815 (Ala. Civ. App. 2003); *Ex parte McInnis*, 827 So.2d 795 (Ala. 2001); *Sunshine Investments, Inc. v. Brooks*, 642 So.2d 408 (Ala. 1994).

Alabama law could not be any clearer. A cause of action exists against the sales representative Defendants. This easily clears the Eleventh Circuit standard.

b.    **Federal Courts in Alabama have consistently held that a possible cause of action exists under Alabama law against pharmaceutical sales representatives**

In its brief, Merck evokes the diet drug litigation as ostensible authority for its assertion that the sales representative defendants were fraudulently joined. Indeed, Merck cites the case of *Anderson v. American Home Products Corp.*, 220 F. Supp. 2d 414 (E.D.

11

PA. 2002), as authority that naming sales representatives as defendants is a "sham." (Merck brief, ¶ 3)

Merck's reliance on the diet drug litigation is specious. Federal judges in Alabama who considered Motions to Remand in the diet drug litigation consistently - indeed *unanimously* - ruled that sales representatives were not fraudulently joined. Merck, which certainly must be aware of this large body of precedent, ignored same in its brief. Suffice it to say that federal judges in Alabama have a long history of removals premised on fraudulent joinder of pharmaceutical sales representatives, and have repeatedly rejected such as a basis for federal jurisdiction.

Below is a partial list of decisions by federal judges in Alabama, applying Eleventh Circuit law, who held that pharmaceutical sales representatives were not fraudulently joined. The claims asserted against the Harlan and Wall in this case are virtually the same as those asserted against the sales representatives in the decisions referenced below. The Orders granting Remand are: *Floyd, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-03-C-2564-M; *Crittenden, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-03-T-920-N; *Terrell, et al. v. Wyeth, et al*, US District Court for the Northern District of Alabama, Civil Action No.: CV-03-BE-2876; *Blair, et al. v. Wyeth, et al.*, US District Court for the Middle District of Alabama, Civil Action No.: CV-03-T-1251-S; *Brunson v. Wyeth, et al.*, US District Court for the Middle District of Alabama, Civil Action No.: CV-03-T-1167-S; *Ballard v. Wyeth, et al.*, US District Court for the Middle District of Alabama, Civil Action No.: CV-03-T-1255-N; *Storey v. Wyeth, et al.*, US District Court for the Northern District of

12

Alabama, Civil Action No.: CV-04-BE-27-E; *Cash v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-03-RRA-3375-E; *Marshall, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-04-TMP-179-S; *Johnson, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No." CV-04-TMP-224-S; *McGowan, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-04-TMP-298-S; *Davis v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-03-J-3167-J; *Bradford, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-03-P-3157-M; *John W. Smith v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-04-P-226-M; *Boudreaux, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-04-P-227-M; *Mildred Bridges v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-04-AR-0297-J; *Debra Hough, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-04-H-393-S; *Joan Reeder v. Wyeth, et al.*, US District Court for the Middle District of Alabama, Civil Action No.: CV-04-T-066-N; *Earlene Brogden, et al. v. Wyeth, et al.*, US District Court for the Middle District of Alabama, Civil Action No.: CV-04-T-068-S; *Eaton, et al. v. Wyeth, et al.*, US District Court for the Northern District of Alabama, Civil Action No.: CV-04-P-380-M; *Kim Allen, et al. v. Wyeth, et al.*, US District Court for the Middle District of Alabama, Civil Action No.: CV-04-T-038; *Eunice Chestnut, et al. v. Wyeth, et al.*, US District Court for the Middle District of Alabama, Civil Action No.: CV-05-T-0295; *Rebecca Cross, et al. v. Wyeth, et al.*, US District Court for the Southern District of

13

Alabama, Civil Action No.: CV-03-0882-BH-M; *Jerry Braden, et al. v. Wyeth, et al.*, US District Court for the Middle District of Alabama; Civil Action No.: CV-04-T-0384; *Barbara Culpepper, et al. v. Wyeth, et al.,* US District Court for the Middle District of Alabama, Civil Action No.: CV-04-T-0411; *Lonnie King, et al. v. Wyeth, et al.,* US District Court for the Middle District of Alabama, Civil Action No.: CV-04-T-0409; *Victoria Bennett, et al. v. Wyeth, et al.,* US District Court for the Middle District of Alabama, Civil Action No.: CV-04-T-0416. All of the above decisions are attached hereto.

Merck was critical of Judge Armstrong's Order, referring to it as perfunctory. (Merck brief, ¶ 21) There was no reason for Judge Armstrong to expound on the basis for the remand. The legion of precedent handed down by federal judges in Alabama granting remand in similar cases provides ample support for his decision.

Hence, this Honorable Court, sitting as the District Judge reviewing Judge Armstrong's Order under the "clearly erroneous" standard, should consider the unanimous authority by federal judges in Alabama. Plaintiff submits that Judge Armstrong complied with the Eleventh Circuit standards for determining fraudulent joinder, and determined, as have so many other federal judges, that a cause of action exists under Alabama law against pharmaceutical sales representatives. As such, this Court should adopt the Remand Order entered by Judge Armstrong.

> c.    **Merck's arguments concerning the sufficiency of the claims stated in the original Complaint, and the filing of the Amended Complaint, are unavailing.**

14

In its brief, Merck goes to great lengths to criticize the sufficiency of the claims against the sales representatives which were stated in the original Complaint.

Merck asserts that Harlan and Wall cannot be liable for negligence because the Complaint did not allege that they personally participated in any wrongful conduct. (Merck brief, ¶ 12) Merck claims that the Plaintiff cannot demonstrate proximate cause in his negligence claim. (Merck brief, ¶ 15) Finally, Merck claims that the Complaint is facially "invalid" because he failed to state a fraud claim with the sufficiency required by Rule 9(b) of the Federal Rules of Civil Procedure. Merck's arguments fail for two reasons:

First, this case was filed in October, 2002. It sat in the federal court system for almost 2 ½ years. During that time, in an effort to attack the sufficiency of the Plaintiff's Complaint with its attendant frailties, Merck could have filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In an effort to clean up Plaintiff's "facially invalid" fraud claim, Merck could have filed a Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. It did neither. If Merck had a valid defense on the grounds it now raises in its brief, it had over two years to raise these issues with the federal court in Alabama.

Secondly, Merck is suggesting to this Honorable Court that it will prevail on the claims asserted against sales representatives Harlan and Wall. By doing so, Merck is "embarking upon a safari in search of a judgment on the merits", which, according to the *Crowe* case and other Eleventh Circuit authority, is not allowed. As *Crowe* and its progeny teaches, the ". . . district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent," in determining whether fraudulent joinder exists. *Crowe,* 113 F. 3d, at 1542.

15

Merck may ultimately prevail on the claims asserted against Harlan and Wall. Merck may have valid defenses to these claims. Merck may be able to prove that the Plaintiff's physician did not rely on any suppression or misrepresentation made by these gentlemen. However, whether Merck will or will not prevail on these claims is utterly immaterial to this Court's ruling. The standard set forth by the Eleventh Circuit to determine fraudulent joinder is clear. If a *possibility* exists that the Complaint states a cause of action against Harlan and Wall under Alabama law, then Judge Armstrong correctly granted remand, and his decision was not clearly erroneous.

Lastly, Merck is bothered by the fact that the record fails to indicate whether Judge Armstrong granted Plaintiff's Motion to Amend the Complaint. (Merck brief, ¶ 21) As stated in Merck's brief, Judge Armstrong, on July 15, 2004, essentially requested that Plaintiff clarify his Complaint by telling the Court ". . . what misrepresentations material to the Complaint were made by the individual defendants." (Merck brief, ¶5) The Amended Complaint followed. It appears clear that the Amended Complaint was invited to be filed by the Court. Hence, Judge Armstrong may have considered the allegations in the Amended Complaint in ruling on Plaintiff's Motion to Remand. Judge Armstrong clearly had the discretion to allow the Amended Complaint, and none of the arguments made by Merck have any traction to the contrary.

Regardless, the original Complaint clearly states claims against Harlan and Wall which are cognizable under Alabama law. Irrespective of whether Judge Armstrong took only the original Complaint into consideration, or whether he considered the Amended Complaint, Merck cannot meet its heavy burden to establish federal jurisdiction, and Judge Armstrong's decision was not "clearly erroneous."

16

## CONCLUSION

Under Rule 72 (a) of the Federal Rules of Civil Procedure, this Honorable Court is called upon to determine whether Magistrate Judge Robert Armstrong clearly erred by granting Plaintiff's Motion to Remand. This Court should consider Judge Armstrong's ruling under the standards clearly set forth by the Eleventh Circuit.

Plaintiff respectfully submits that Judge Armstrong was absolutely correct in remanding this action to state court, because federal subject matter jurisdiction does not exist.

Respectfully Submitted,

_____
W. Lewis Garrison, Jr.
Attorney for Plaintiff

**_Of Counsel:_**
GARRISON SCOTT, P.C.
2224 1st Avenue North
Birmingham, Alabama 35203
(205) 326-3336
(205) 326-3332

Jere Beasley, Esq.
Andy Birchfield, Esq.
Paul Sizemore, Esq.
BEASLEY, ALLEN, CROW, METHVIN
        PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36102-4160
(334) 269-2343
(334) 223-1236

17

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following liason counsel of record by placing a copy of same, postage prepaid and properly affixed this the 14th day of April, 2005:

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue, Suite 100
New Orleans, LA 70113

Phillip A. Wittman, Esq.
Stone Pigman Walther Wittman, LLC
546 Carondelet Street
New Orleans, LA 70130

_____
Of Counsel