FILED
2005 May-24 AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LAVAUGHN HALES,

    Plaintiff,

v.

MERCH & CO., INC., et al.,

    Defendants.

CIVIL ACTION NO.

03-AR-1028-M

ENTERED
JUN 2 6 2003

ORDER OF REMAND

In accordance with the accompanying memorandum opinion, plaintiff's motion to remand is GRANTED upon the court's finding pursuant to 28 U.S.C. § 1447(c) that it lacks subject matter jurisdiction. Accordingly, the above-entitled action is REMANDED to the Circuit Court of Dekalb County, Alabama from which it was improvidently removed. The Clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs in this court.

DONE this 26th day of June, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LAVAUGHN HALES,           }
                          }
         Plaintiff,       }
                          }
v.                        }     CV 03-AR-1028-M
                          }
MERCK & CO., INC., et al. }
                          }
         Defendant.       }



## MEMORANDUM OPINION

Before the court is a motion to dismiss filed by Hal Henderson ("Henderson")[1], Steve Santos ("Santos")[2], and Matthew King ("King")[3] and a motion to remand to the Circuit Court of DeKalb County, Alabama filed by plaintiff, Lavaughn Hales ("Hales"). Hales brought this products liability case against defendant, Merck & Co., Inc. ("Merck"), and its agents Henderson, Santos, King, and Patricia Aiken ("Aiken")[4], alleging that she

---

[1] Henderson is a district sales manager for Merck, and a resident of Cobb County, Georgia.

[2] Santos is a district sales manager for Merck and a resident of Montgomery County, Alabama.

[3] King is a sales representative for Merck, and a resident of Jefferson County, Alabama.

[4] Aiken is a sales representative for Merck, and a resident of Jefferson County, Alabama. Aiken had not yet been served when the case was removed to this court.

1

suffered a heart attack after taking the prescription drug Vioxx, manufactured and marketed by Merck.

### Facts

Hales filed suit in the state court on March 24, 2003. Her complaint contained five counts charging various defendants with 1) designing, manufacturing, and/or selling a defective product and failing to warn; 2) negligence; 3) breach of express warranty; 4) breach of implied warranty; 5) negligent, reckless, intentional and fraudulent misrepresentation and suppression. Three of the individual non-diverse defendants were served on April 3, 2003. Merck, Henderson, Santos, and King are all represented by the same counsel. On May 5, 2003, Merck, Santos, Henderson, and King filed their notice of removal and answer in this court alleging diversity jurisdiction based on plaintiff's alleged fraudulent joinder of the four non-diverse individual defendants. The court deemed the affirmative defense of fraudulent joinder a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), and included Aiken because a dismissal of the action against Aiken is as necessary to this court's diversity jurisdiction as a dismissal of the action against the three non-diverse individuals who have filed appearances. Oral argument was heard at the court's regular motion docket on June 20, 2003.

2

The dispositive jurisdictional question is whether Hales can assert **any** valid cause of action against a non-diverse sales representative/manager under Alabama's substantive law or under a legitimate prospect for a change in Alabama law.  This court in *Barnes v. American Honda Motor Co.*, 02-AR-1664-J, stated a court's duty in evaluating a motion to remand a diversity removal challenged on fraudulent joinder grounds as follows: "If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court."  *Whitlock v. Jackson Nat'l Life Ins.*, 32 F. Supp. 2d 1286, 1289 (M.D. Ala. 1998)(emphasis supplied).  In the present action Hales argues that she has a valid AEMLD claim against the sales representatives/managers for supplying and/or for failing to warn and/or inadequately warning and/or failing to instruct her treating physician of the dangers of Vioxx.  Henderson, Santos, and King argue that no cause of action has been stated nor can be stated against the sales representatives/managers because only the manufacturer is liable as a "seller" of a defective product under AEMLD, and all other claims are subsumed or merged into the AEMLD claim.  Hales argues to the contrary that the Alabama

Supreme Court has never addressed whether an individual employee of a defendant designer and manufacturer of a prescription drug, who has responsibility for marketing and selling the drug on behalf of his employer, can be held liable on a claim arising under AEMLD, and accordingly the court has never rejected individual liability against intermediary "sellers."

Furthermore, Hales points out that under Alabama law a person is liable for his intentional torts. Hales asserts that a cause of action exists against Henderson, King, Santos, and Aiken for the intentional tort of fraudulent misrepresentation and suppression of material information regarding the safety and efficacy of Vioxx, and the participation in an aggressive marketing campaign that fraudulently misrepresented the product to treating physicians. Hales also contends that a cause of action for negligence and breach of warranty exists against the individual sales representatives because they had a duty to warn her treating physician of the dangers of Vioxx.

Hales cites three decisions by federal courts in Alabama that have remanded in cases similar to the instant action: *Roughton v. Warner-Lambert Co.*, 01-D-865-N (De Ment, J.)(court remanded for a second time a products liability case brought in state court against the defendant Warner-Lambert, Co. as the

4

manufacturer and its sales representatives/territory manager, an Alabama citizen. The case was originally remanded after Judge Myron H. Thompson found that defendants had not met their burden of showing either fraudulent joinder or fraudulent misjoinder); *Pace v. Davis a division of Warner-Lambert*, 00-J-3046 (Johnson, J.)(court remanded a products liability case against a drug manufacturer and the non-diverse treating physician); *McCaffery v. Warner-Lambert Co.*, 00-PT-2848-M (Propst J.) (court remanded in case brought against drug manufacturer and treating physician).

Henderson, Santos and King cite *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001) in support of their position that claims asserted against a retailer merge into an AEMLD claim against the manufacturer. But in *Tillman*, the Eleventh Circuit certified the following question to the Alabama Supreme Court: "Whether there is any potential cause of action under any theory against any retail defendants including those that employ pharmacists who sell cigarettes for claims brought under the Alabama Extended Manufactures Liability Doctrine, or premised on negligence wantonness, or civil conspiracy under Alabama law." The question has not been answered. A similar question was certified in *Spain v. Brown & Williamson Tobacco*

Corp., 230 F.3d 1300 (11th Cir. 2000). It too, has not been answered.

This court unashamedly quotes itself: "[T]his court cannot substitute its uncertain judgment of what the Alabama law ought to be, or to predict what it someday will be, when this court's jurisdiction is premised on 28 U.S.C. §§ 1441 and 1332. The court must give a plaintiff the benefit of all doubt on questions of Alabama law when deciding upon subject matter jurisdiction that depends upon the state of the state of the law." *Barnes*, at 3.

Henderson, Santos, and King argue alternatively that even if there is a viable cause of action against intermediary sellers under AEMLD, there is no cause of action against these four sales representatives/managers because three of them have presented affidavits stating that they have never visited Dr. Cornelius B. Thomas, Hales' treating physician, and accordingly there is no causation. The court notes, without finding it unduly significant, that there is no such affidavit for Aiken. The court disagrees. If the court were to consider the affidavits of Henderson, Santos, and King it would have to convert the motion to dismiss under Rule 12(b)(6) to one under Rule 56 and find as a matter of law that no genuine issue of material fact existed.

6

This would require the court do what it explicitly said it could not do in *Barnes*, adjudicate the claims against the defendants on their merits before finding that the court has subject matter jurisdiction. *Barnes*, at 3-4.

## Conclusions

Because the defendants must prove by clear and convincing evidence that no cause of action exists, and because the question of whether a cause of action exists against an intermediary supplier under AEMLD is uncertain, plaintiff's motion to remand is due to be granted, and defendants' motions to dismiss are due to be denied. A separate order will be entered.

DONE this 26th day of June, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE