2002 WL 548750
Case 3:05-cv-00998-MEF-SRW   Document 13-12   Filed 12/02/2005   Page 1 of 4
Page 1 of 4
FILED
2005 May-24 AM 11:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

2002 WL 548750 (S.D.N.Y.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
In re: REZULIN PRODUCTS LIABILITY LITIGATION (MDL No. 1348)
This Document Relates to: 02 Civ. 1716 and 02 Civ. 1717.
No. 00 CIV. 2843(LAK).
April 12, 2002.

PRETRIAL ORDER NO. 74 (Disposition of Certain Remand Motions)

KAPLAN, District J.
*1 Plaintiffs in *Cooley v. Warner-Lambert, Co.*, No. 02 Civ. 1716, and *Boykin v. Warner-Lambert, Co.*, No. 02 Civ. 1717, have sued the manufacturers of Rezulin as well as Mississippi physicians [FN1] for injuries allegedly caused by Rezulin. The cases were removed to federal court by the manufacturer defendants on the basis of diversity of citizenship and were transferred to this Court by the Judicial Panel on Multidistrict Litigation. The plaintiffs, all citizens of Mississippi, have moved to remand the cases on the ground that the presence of the nondiverse physician defendants destroys the complete diversity necessary for removal. The defendants rejoin that the citizenship of the nondiverse physician defendants is immaterial because there is no reasonable possibility that the plaintiffs can succeed in establishing liability against those defendants.

> FN1. Defendant Belenchia is a doctor of osteopathy, not a medical doctor, *see* Boykin Cpt. ¶ 14, and the plaintiffs in Cooley have sued the clinic where the nondiverse physician defendant worked, Cooley Aff. ¶ 2. The complaints nonetheless refer to the "Physician Defendants" and the Court assumes for the purposes of this motion that plaintiffs intend to include defendants Belenchia and the clinic within this term. For the sake of consistency with the complaints, the Court will refer to Drs. Hassell, Roberts, Thompson, Stevens, and Belenchia as well as the Laurel Family Clinic as "the nondiverse physician defendants."

The complaints in *Cooley* [FN2] and *Boykin* [FN3] contain allegations that, if true, would permit a finding of liability against the nondiverse physician defendants. As this Court previously has noted, in order to maintain a medical malpractice claim against a physician in Mississippi, a plaintiff must (1) establish the doctor-patient relationship and its attendant duty, (2) identify the requisite standard of care, (3) establish a breach of that standard of care by the physician, (4) prove that the physician's noncompliance with that standard of care caused the plaintiff's injury, and (5) prove the extent of the plaintiff's damages. [FN4] Because plaintiffs Cooley, Atwood, Evans, Boswell, and Hodge have alleged all of the elements of a medical malpractice claim, the Court cannot rule out the possibility that these plaintiffs will succeed with their medical malpractice claims against the nondiverse physicians. [FN5] Unlike plaintiffs in other Rezulin cases who have sought to hold physicians liable for failing to disclose defects of which the physicians were not aware, these plaintiffs arguably have stated a claim against the nondiverse physician defendants based on the theories that they failed to alert plaintiffs to the side effects of Rezulin of which they were aware and that they failed to secure the plaintiffs' informed consent and monitor their heart and liver function as the FDA recommended. [FN6]

> FN2. For the relevant allegations in *Cooley*, see Cooley Cpt. ¶ 30 ("Plaintiff Cooley ... was prescribed Rezulin by Defendants Hassell and Laurel Family Clinic, P.A.... As a direct and proximate result of Plaintiff Colley's [sic] intake of Rezulin, Plaintiff Cooley has suffered permanent physical and emotional injuries."); *id.* at ¶¶ 51-55 ("[The nondiverse physician defendants] owed Plaintiff Cooley the duty of care, including a duty to disclose and inform her of all risks and consequences of using

Rezulin [and] to fully monitor and evaluate her heart and liver function. [The nondiverse physician defendants] breached each and all of these duties and failed to gain informed consent from Plaintiff Cooley before prescribing them [sic] this hazardous drug, which actions are a contributing proximate cause of the Plaintiff's injuries. [The nondiverse physician defendants'] conduct falls below the standard of care for physicians of similar training, experience, and knowledge and amounts to medical malpractice [and] as a proximate cause and legal result of the negligence of the Physician Defendant, Plaintiff Cooley has suffered the damages described herein."); *see also* Cooley Aff. ¶¶ 2-5 (stating that Dr. John Hassell of the Laurel Clinic was plaintiff Cooley's primary treating physician as well as the physician who prescribed Rezulin for her, that prior to being prescribed Rezulin she suffered from liver problems of which Dr. Hassell was aware, and that Dr. Hassell did not warn her of any dangers or risks associated with Rezulin at any time prior to or during the time she was taking Rezulin).

FN3. For the relevant allegations in *Boykin*, *see* Boykin Cpt. ¶ 11 ("At all times pertinent hereto, Dr. Stevens was the treating physician for Plaintiff Willie Mae Atwood and prescribed the prescription drug Rezulin to Plaintiff Atwood."); *id.* at ¶ 12 ("At all times pertinent hereto, Dr.

Roberts was the treating physician for Plaintiff Mary Boswell and prescribed the prescription drug Rezulin to Plaintiff Boswell."); *id.* at ¶ 13 ("At all times pertinent hereto, Dr. Thompson was the treating physician for Plaintiff Lou Ella Evans and prescribed the prescription drug Rezulin to Plaintiff Evans."); *id.* at ¶ 14 ("At all times pertinent hereto, Belenchia was the treating physician for Plaintiff Tinnie Hodge and prescribed the prescription drug Rezulin to Plaintiff Hodge."); *id.* at ¶ ¶ 51-55 ("[The nondiverse physician defendants] owed Plaintiffs Boykin, Atwood, Boswell, Evans, and Hodge, the duty of care, including a duty to disclose and inform these Plaintiffs of all risks and consequences of using Rezulin [and] a duty to fully monitor and evaluate their heart and liver function. [The nondiverse physician defendants] breached each and all of these duties and failed to gain informed consent from Plaintiffs Boykin, Atwood, Boswell, Evans, and Hodge before prescribing them this hazardous drug, which actions are a contributing proximate cause of the Plaintiffs' injuries. [The nondiverse physician defendants'] conduct falls below the standard of care for physicians of similar training, experience, and knowledge and smounts to medical malpractice [and] as a proximate cause and legal result of the negligence of the Physician Defendants, the Plaintiffs have suffered the damages described herein.").

FN4. *Robinson v. Hawkins*, 541 So.2d 1048, 1050-51 (Miss.1989).

FN5. The *Boykin* complaint alleges that the nondiverse physician defendants owed a duty of care to plaintiff Boykin. The complaint, however, contains no allegation that any of the nondiverse defendants treated or prescribed Rezulin for Boykin. Hence, there is no reasonable possibility that she will be able establish liability against any nondiverse defendant.

FN6. *See supra* nn. 2-3; *see also* Cooley Cpt. at ¶ 22 ("[T]he FDA subsequently mandated label changes recommending liver monitoring,"); Boykin Cpt. at ¶ 24 (same).

Defendants' arguments to the contrary are without merit. First, defendants rely on this Court's disposition of other remand motions in Pretrial Order No. 59 for the proposition that the allegations in the instant cases are insufficient to warrant remand. This reliance is misplaced. In the cases to which that order pertained, the plaintiffs had not alleged a doctor-patient relationship between any plaintiffs and the physician defendants. Nor had they alleged that the physician defendants had prescribed Rezulin to any plaintiffs. In those circumstances, the Court held that the conclusory allegation that the physician defendants owed the plaintiffs a duty of care, which was unsupported by factual allegations that the physician defendants ever had treated the plaintiffs, was insufficient to defeat removal. The allegations in these complaints are different. Some plaintiffs here allege that the nondiverse physician defendants treated them, prescribed Rezulin to them, and failed to inform them of the risks associated with Rezulin, obtain their informed consent, and perform heart and liver function monitoring. These allegations are sufficient to render the citizenship of the physician defendants material for diversity purposes.

*2 Defendants further argue that there is no reasonable possibility that plaintiffs might establish liability against the nondiverse physician defendants because any claims against those defendants are barred by the statute of limitations. Plaintiffs rejoin that the date on which a medical malpractice claim accrues is a question of fact for the jury and that it would inappropriate for the Court to resolve the issue given the present posture of these cases. The Court need not decide this issue. Defendants, as the party invoking federal jurisdiction, have the burden of establishing that such jurisdiction exists. They have not met this burden on the statute of limitations question. Defendants assert that plaintiffs' claims are time-barred, but they do not offer the Court the date on which they believe the statute of limitations began to run or the date on which it expired. Nor do they offer any authority to support the notion that the statute of limitations began to run more than two years before the complaints were filed. In the absence of appropriate evidence demonstrating that the statute of limitations on these claims has run, the Court must assume, for the purpose of these motions, that the complaints were timely filed.

Finally, defendants argue that the claims against the nondiverse physician defendants are insufficient to defeat removal because they are directed to all physicians collectively. Again, defendants' reliance on this Court's previous rulings is misplaced. This is a far cry from previous complaints the Court has considered in which plaintiffs did not specifically mention a nondiverse physician or sales representative defendant except in the caption and then sought to lump this defendant in with the manufacturing defendants for liability purposes. See, e.g., In Re Rezulin Prods. Liab. Litig., 133 F.Supp.2d 272, 283 (S.D.N.Y.2001). The five plaintiffs here who allege claims against a physician have separately alleged that a particular one of the nondiverse physician defendants treated them and prescribed Rezulin to them and in consequence each has a reasonable possibility of holding a nondiverse physician defendant liable.

That some of the plaintiffs in the instant actions have a reasonable possibility of succeeding against the nondiverse physician defendants does not end the matter. This Court previously has held that the joinder of plaintiffs who have no connection to each other aside from the fact that they ingested Rezulin is misjoinder. In Re Rezulin Prods. Liab. Litig., 168 F.Supp.2d 136, 146 (S.D.N.Y.2001). When, as here, the misjoinder of particular plaintiffs destroys diversity, the Court will sever the actions of those plaintiffs for the purposes of maintaining the defendants' right to remove the rest of the action. Id. at 148. In consequence, the Court will sever the claims of plaintiffs Evans, Hodges, Atwood, Boswell, and Cooley and grant these plaintiffs' motions to remand. The motions to remand of the remaining plaintiffs in Boykin and Cooley are denied.

*3 Accordingly, the motions to remand in the above-captioned cases are disposed of as follows:

1. In Cooley v. Warner-Lambert, No. 02 Civ. 1716, plaintiff Cooley's action is severed and her motion to remand is granted. The motion to remand of the remaining plaintiff is denied.

2. In Boykin v. Warner-Lambert, Co., No. 02 Civ. 1717, the actions of plaintiffs Evans, Hodges, Atwood, and Boswell are severed and their motions to remand are granted. The motions to remand of the remaining plaintiffs are denied.

SO ORDERED.

S.D.N.Y.,2002.

In re Rezulin Products Liability Litigation (MDL No. 1348)

2002 WL 548750 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

- 2004 WL 2973888 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment as to Claims for Certain Side-Effects Warned About in the Adverse Reactions Table of the Rezulin Labeling (Jan. 06, 2004)
- 2003 WL 23951442 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum of Law in Support of Their Motion for Summary Judgment as to Non-Liver-Related Claims Asserted by Plaintiff Orlean Maxwell (Nov. 07, 2003)
- 2003 WL 23951441 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (Sep. 19, 2003)
- 2003 WL 23951439 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment as to Non-Liver-Related Claims (Aug. 07, 2003)
- 2001 WL 34133949 (Trial Filing) Pretrial Order No. 19 (May. 14, 2001)
- 2001 WL 34133975 (Appellate Petition, Motion and Filing) Pec%7Ds Petition for an Order Securing an Equitable Allocation of Counsel Fees and Costs for Common Benefit Work (May. 14, 2001)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.