IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAY,  )<br>  )<br>     Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MERCK & CO., INC., a foreign or  )<br>domestic corporation, ROBERT M.  )<br>WALL, GARY HARLAN, HAL  )<br>HENDERSON, STEVE SANTOS,  )<br>PATRICIA AIKEN, MATTHEW  )<br>KING, ANGELA FINCH, SONYA  )<br>COLEY, JASON DELK, and the  )<br>Defendants A, B, C, D, E, X & Z  )<br>whether singular or plural, being those  )<br>persons, firms or entities who or which  )<br>proximately caused or contributed to  )<br>the Plaintiff's personal injury and  )<br>Plaintiff's other harm and the other  )<br>damages as complained of herein whose  )<br>true names are unknown to the Plaintiff  )<br>but will be added by amendment when  )<br>correctly ascertained,  )<br>  )<br>     Defendants.  ) | CASE NUMBER: 3:05-cv-998-F<br><br>Removed from the Circuit Court<br>of Randolph County, Alabama,<br>CV-05-149 |

## AMENDED DECLARATION OF PATRICIA AIKEN

1.  My name is Patricia Aiken. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

2.  At no time did I ever provide Vioxx® ("Vioxx") or information concerning Vioxx directly to Michael May.



3.  I am not a physician and accordingly have never prescribed Vioxx. I am also not a pharmacist and therefore have never filled a Vioxx prescription as a pharmacist. The information I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Vioxx. I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding the drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4.  At no time did I have any involvement at all with the manufacture, development or testing of Vioxx. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Vioxx. I had no dealings at all at any time with any patients of any of the physicians on whom I called, and I had no knowledge or information of any of those patients' medical histories, symptoms, prognoses or courses of treatment.

5.  At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients. Physicians upon whom I would call would write their prescriptions for Vioxx based upon their own independent medical knowledge and judgment, and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, Michael May.

6. I made no knowing misrepresentations concerning the safety or efficacy of Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx.

7. I have never met nor spoken with Michael May.

8. I have never made any presentations to the general public regarding Vioxx.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2005.

_____
Patricia Aiken

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: 3:05-cv-998-F |
| ) | |
| MERCK & CO., INC., a foreign or ) | |
| domestic corporation, ROBERT M. ) | |
| WALL, GARY HARLAN, HAL ) | |
| HENDERSON, STEVE SANTOS, ) | |
| PATRICIA AIKEN, MATTHEW ) | |
| KING, ANGELA FINCH, SONYA ) | |
| COLEY, JASON DELK, and the ) | |
| Defendants A, B, C, D, E, X & Z ) | |
| whether singular or plural, being those ) | |
| persons, firms or entities who or which ) | |
| proximately caused or contributed to the ) | |
| Plaintiff's personal injury and Plaintiff's ) | |
| other harm and the other damages as ) | |
| complained of herein whose true names ) | |
| are unknown to the Plaintiff but will be ) | |
| added by amendment when correctly ) | |
| ascertained, ) | |
| ) | |
| Defendants. | |

## AMENDED DECLARATION OF MATTHEW KING

1. My name is Matthew King. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

2. At no time did I ever provide Vioxx® ("Vioxx") or information concerning Vioxx directly to Michael May.

1

3. I am not a physician and accordingly have never prescribed Vioxx. I am also not a pharmacist and therefore have never filled a Vioxx prescription as a pharmacist. The information I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Vioxx. I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding the drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4. At no time did I have any involvement at all with the manufacture, development or testing of Vioxx. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Vioxx. I had no dealings at all at any time with any patients of any of the physicians on whom I called, and I had no knowledge or information of any of those patients' medical histories, symptoms, prognoses or courses of treatment.

5. At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients. Physicians upon whom I would call would write their prescriptions for Vioxx based upon their own independent medical knowledge and judgment, and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, Michael May.

6. I made no knowing misrepresentations concerning the safety or efficacy of Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx.

7. I have never met nor spoken with Michael May.

8. I have never made any presentations to the general public regarding Vioxx.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December  8 , 2005.

_____
Mathew King

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: 3:05-cv-998-F |
| ) | |
| MERCK & CO., INC., a foreign or ) | |
| domestic corporation, ROBERT M. ) | |
| WALL, GARY HARLAN, HAL ) | |
| HENDERSON, STEVE SANTOS, ) | Removed from the Circuit Court |
| PATRICIA AIKEN, MATTHEW ) | of Randolph County, Alabama, |
| KING, ANGELA FINCH, SONYA ) | CV-05-149 |
| COLEY, JASON DELK, and the ) | |
| Defendants A, B, C, D, E, X & Z ) | |
| whether singular or plural, being those ) | |
| persons, firms or entities who or which ) | |
| proximately caused or contributed to the ) | |
| Plaintiff's personal injury and Plaintiff's ) | |
| other harm and the other damages as ) | |
| complained of herein whose true names ) | |
| are unknown to the Plaintiff but will be ) | |
| added by amendment when correctly ) | |
| ascertained, ) | |
| ) | |
| Defendants. | |

## AMENDED DECLARATION OF ROBERT WALL

1. My name is Robert Wall. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

2. At no time did I ever provide Vioxx® ("Vioxx") or information concerning Vioxx directly to Michael May.

3. I am not a physician, and have therefore never prescribed Vioxx. While I am a registered pharmacist, I did not practice as a pharmacist during the time that

Vioxx was on the market and consequently never wrote or filled a prescription for Vioxx as a pharmacist during that time. While I learned about COX-2 inhibitors from continuing education courses, the information that I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Vioxx. I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding the drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4. At no time did I have any involvement at all with the manufacture, development or testing of Vioxx. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Vioxx. I had no dealings at all at any time with any patients of any of the physicians on whom I called, and I had no knowledge or information of any of those patients' medical histories, symptoms, prognoses or courses of treatment.

5. At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients. Physicians upon whom I would call would write their prescriptions for Vioxx based upon their own independent medical knowledge and judgment, and I would

not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, Michael May.

6. I made no knowing misrepresentations concerning the safety or efficacy of Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx.

7. I have never met nor spoken with Michael May.

8. I have never made any presentations to the general public regarding Vioxx.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2005.

_____
Robert Wall

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAY,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MERCK & CO., INC., a foreign or  )<br>domestic corporation, ROBERT M.  )<br>WALL, GARY HARLAN, HAL  )<br>HENDERSON, STEVE SANTOS,  )<br>PATRICIA AIKEN, MATTHEW  )<br>KING, ANGELA FINCH, SONYA  )<br>COLEY, JASON DELK, and the  )<br>Defendants A, B, C, D, E, X & Z  )<br>whether singular or plural, being those  )<br>persons, firms or entities who or which  )<br>proximately caused or contributed to the  )<br>Plaintiff's personal injury and Plaintiff's  )<br>other harm and the other damages as  )<br>complained of herein whose true names  )<br>are unknown to the Plaintiff but will be  )<br>added by amendment when correctly  )<br>ascertained,  )<br>  )<br>  Defendants.  ) | CASE NUMBER: 3:05-cv-998-F<br><br>Removed from the Circuit Court<br>of Randolph County, Alabama,<br>CV-05-149 |

## AMENDED DECLARATION OF GARY HARLAN

1. My name is Gary Harlan. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

2. At no time did I ever provide Vioxx® ("Vioxx") or information concerning Vioxx directly to Michael May.

3. I am not a physician and accordingly have never prescribed Vioxx. I am also not a pharmacist and therefore have never filled a Vioxx prescription as a

pharmacist. The information I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Vioxx. I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding the drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4. At no time did I have any involvement at all with the manufacture, development or testing of Vioxx. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Vioxx. I had no dealings at all at any time with any patients of any of the physicians on whom I called, and I had no knowledge or information of any of those patients' medical histories, symptoms, prognoses or courses of treatment.

5. At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients. Physicians upon whom I would call would write their prescriptions for Vioxx based upon their own independent medical knowledge and judgment, and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, Michael May.

6. I made no knowing misrepresentations concerning the safety or efficacy of Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx.

7. I have never met nor spoken with Michael May.

8. I have never made any presentations to the general public regarding Vioxx.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 8, 2005.

_____
Gary Harlan